Case 4:22-cv-02448   Document 1-3   Filed on 07/22/22 in TXSD   Page 1 of 5

3/29/2022 3:24 PM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 2

Cause No. _____

| | | |
|---|---|---|
| HOA LE, *and* <br> MAY LE, <br> *Plaintiffs* <br><br> v. <br><br> CHRISTOPHER BIGGS, *and* <br> JD MORTON TRUCKING LLC, <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE COUNTY COURT OF <br><br><br> HARRIS COUNTY, TEXAS <br><br><br> COURT AT LAW NO. _____ |

## PLAINTIFFS' ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, HOA LE, and MAY LE, and file this Plaintiffs' Original Petition with Requests for Disclosure against DEFENDANTS Christopher Biggs and JD Morton Trucking LLC, and allege as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 2 of Rule 192.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiffs are Hoa Le (herein "Plaintiff Hoa") and May Le (herein "Plaintiff May"). Plaintiffs can be reached through their undersigned counsel, Johnny Nguyen, at 2825 Wilcrest Drive, Suite 308, Houston, Texas 77042.

3. Defendant Christopher Biggs (hereinafter "Defendant Biggs") is a natural person. Upon information and belief, Defendant Biggs can be served with process at 16360 Maries Road 471, Vichy, Missouri 65580, and/or wherever he may be found.

1

4.      Defendant JD Morton Trucking LLC (hereinafter "Defendant JD Morton") is a for-profit Corporation registered in Missouri. Upon information and belief, Defendant JD Morton can be served with process via registered agent Jeff D. Morton at the registered business address 12661 Clearwater Drive, Rolla, MO 65401.

## III.

## FACTS

5.      On or about February 11, 2022, at 0939 hours, Plaintiffs were turning right out of a gas station at 14099 Homestead Road, Humble, Texas 77396. Plaintiffs were in the roadway when Defendant Biggs turned going right onto the same roadway from an earlier cross-street. Defendant Biggs's trailer impacted the front of Plaintiffs' vehicle, causing damage and physical injury to the passengers, and dragged the Plaintiffs' vehicle along the trailer's path of travel. Defendant Biggs proceeded to continue on without stopping. Defendant Biggs only stopped when pursued by Plaintiffs and police officers. A female passenger was accompanying Defendant Biggs in the cab of the truck. Defendant Biggs instructed said passenger to remove the dashboard camera from the truck cab and to hide it from Plaintiffs and police officers. Defendant Biggs failed to exercise proper caution in operating his vehicle. Defendant Biggs failed to stop in time to avoid collision with Plaintiffs. Defendant Biggs attempted to flee the scene and obscure evidence of the accident.

## IV.

## CLAIM FOR RELIEF

6.      Plaintiffs seeks monetary damages only for an amount greater than zero but less than $250,000.00.

2

## V.

## JURISDICTION & VENUE

7. The subject matter of this suit is within the jurisdictional limits of this Court.

8. The State of Texas has jurisdiction over Defendant Biggs because Defendant committed a tort in whole or in part in the state.

9. The State of Texas has jurisdiction over Defendant JD Morton because Defendant JD Morton does business in the State of Texas.

10. Venue is proper in Harris County, Texas because all, or a substantial part, of the events or omissions giving rise to this suit occurred in Harris County, Texas.

## VI.

## CAUSE OF ACTION – NEGLIGENCE

11. Under the doctrine of *respondeat superior*, Defendant JD Morton bears vicarious liability for Defendant Biggs's torts because Defendant Biggs was acting within the scope of employment at the time of the accident.

12. Defendant Biggs had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently.

13. Defendant Biggs breached the duty of care in the following:

   a) Failing to timely apply the brakes;

   b) Failing to maintain a proper lookout; and

   c) Failing to turn the vehicle to avoid the collision;

3

14.     Defendant Biggs's breach of duty proximately caused injury to Plaintiffs, which resulted in the following damages to Plaintiffs' bodies.

## VII.

## DAMAGES

15.     As a result of the act and/or omissions of Defendant Biggs, Plaintiffs have suffered the following damages, and demand compensation for such damages that they have not received compensation for, which are within the jurisdiction of this court.

a)   Damages to Plaintiffs' bodies;

b)   Damage to Plaintiffs' property;

c)   Lost wages;

d)   Loss of value; and

e)   Any and all future damages caused by this incident.

## VIII.

## ATTORNEY'S FEES

16.     It was necessary for Plaintiffs to retain the services of Johnny Nguyen & Associates, to prepare and prosecute this suit. Judgment for reasonable attorney's fees and expenses through trial and appeal should be granted against Defendants and in favor of Johnny Nguyen & Associates. The judgment, along with post-judgment interest, should be ordered paid directly to Johnny Nguyen & Associates, who may enforce the judgment in its own name.

4

## IX.

## CONDITIONS PRECEDENT

17. All conditions precedent to Plaintiffs' claim for relief, if any, have been performed and/or occurred.

## X.

## REQUEST FOR DISCLOSURE

18. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50-days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

For these reasons, PLAINTIFFS ask that the Court issue citations for DEFENDANTS to appear and answer, and that PLAINTIFFS be awarded a judgment against DEFENDANTS and grant relief as requested, and any other relief the Court deems just and proper.

Respectfully submitted,

**Johnny Nguyen & Associates**
By: /s/Johnny Nguyen
SBN: 24090667
2825 Wilcrest Drive
Suite 308
Houston, Texas 77042
T: (832) 834-5918
F: (281) 503-7503
johnny@johnnynguyenlaw.com
Attorney for Plaintiffs,
HOA LE, and MAY LE

UNOFFICIAL COPY